Robert S. Moore Jr., Director Alcoholic Beverage Control Division 100 Main Street, Suite 503 Little Rock, AR 72201
Dear Director Moore:
This is in response to your request for clarification of Opinion Number 88-381, which was issued in response to several questions involving the possession of liquor for consumption on unlicensed private club premises in "dry" counties.
We concluded in that opinion that as a general matter, A.C.A. 3-3-306(a) will not operate to preclude one from carrying liquor into a private club, so long as the one (1) gallon limitation specified in that Code section is not exceeded. We did not address, in that opinion, issues surrounding the public intoxication law (A.C.A. 5-71-212). Subsection (c) of 5-71-212
states in pertinent part that a person commits the offense of drinking in public (a Class C misdemeanor) if he "consumes any alcoholic beverages in any public place . . . other than a place of business licensed to sell alcoholic beverages for consumption on the premises." A "public place" is defined under A.C.A.5-71-101(6) as "a publicly or privately owned place to which the public or substantial numbers of people have access." An unlicensed private club could, conceivably, fall within this definition. Consumption on the premises would, in that instance, be prohibited by 5-71-212. This is, however, a factual question, to be resolved based upon the particular circumstances in each instance.
You have also request[ed] clarification of the statement on page 2 of Opinion Number 88-381 concerning the inapplicability of A.C.A. 3-3-306(a) (prohibiting possession of more than one (1) gallon of liquor in a dry county) where the private club is licensed pursuant to A.C.A. 3-9-221.
It must be initially noted in this regard that Opinion Number 88-381 was issued in response to questions involving unlicensed private clubs. That Opinion did not purport, therefore, to address the topic of individuals carrying their own alcoholic beverages into licensed establishments. The limitation and presumption under Sections 3-3-306 and 3-3-308 with respect to "possession" in a dry county will not, it seems, generally preclude the operation of a private club under A.C.A. 3-9-201 et seq., so long as the various requirements thereunder are met.[1]
A different question may arise, however, where an individual attempts to carry his or her own intoxicants into a licensed private club. The Arkansas Supreme Court has noted the following with regard to a member of a private club licensed under A.C.A.3-9-201 et seq.:
 He merely acquires a membership in the club which affords him the privilege of using and enjoying its facilities and the privilege to possess and consume intoxicating liquors which through the `locker,' `pool' or `revolving fund' system the club members own in common, subject to the obligation on the member's part to be assessed for the cost to replenish that consumed. When he is assessed and pays the assessments, and the funds are used by the club or its manager acting as agent of the members to purchase and replenish the stock of liquors, he acquires in common ownership in the liquor so purchased.
It becomes apparent that A.C.A. 3-3-306 may apply to an individual who attempts to carry liquor into the club, notwithstanding the facts that the club's activities, as set out under A.C.A. 3-9-221, are authorized. While an argument may be made that, depending upon the facts, individuals may bring in their own alcohol where the club operates under the "locker system,"[2] it seems clear that neither the "pool" nor the "revolving fund" type of system supports this activity, since these systems contemplate common ownership of the liquor.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Under 3-9-221(b), the alcoholic beverages must have been "furnished or drawn from private stocks . . . belonging to such members, individually or in common under a so-called `locker,' `pool,' or `revolving fund' system and are replenished only at the expense of such members" and the private club must have acquired a permit from the Alcoholic Beverage Control Board. A.C.A. 3-9-221(b)(1) (2). Morris v. Torch Club, Inc., 295 Ark. 461, 429, 749 S.W.2d 319 (1988). It must be recognized that this statement concerning the "privilege to possess and consume" liquor is made with reference to licensed clubs operating under the locker, pool, or revolving fund system, where the purchase is made through an agent acting in the members' behalf. Morris,295 Ark. at 466, (citation omitted). These systems constitute "method[s] for joint private acquisition through an agent, in common ownership and consumption." Id., at 468. The court's statement is thus premised upon the assumption that the stock will be replenished by the club at the members' expense. Id.; see also A.C.A. 3-9-221.
[2] Alcoholic Beverage Control Regulation 5.6 defines the "Locker System" as "a system of operation of a private club whereby all controlled beverages dispensed on the premises of the private club are owned by the members of the club individually."